UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD ROGERS | CIVIL ACTION |
| VERSUS | NO. 08-0723 |
| MARION FARMER | SECTION "J" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff, Richard Rogers, is a convicted prisoner currently incarcerated in the Morehouse Parish Detention Center in Collinston, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against his private criminal defense attorney, Marion Farmer. Rogers claims that he hired Farmer in April 2003 to represent him in a criminal case and that Farmer missed several court dates which contributed to Rogers being wrongfully convicted. Plaintiff seeks monetary compensation. Record Doc. No. 1 (Complaint).

**ANALYSIS**

I.   STANDARDS OF REVIEW

This court is obligated to screen pro se and in forma pauperis complaints filed by prisoners like Rogers "as soon as practicable after docketing" to determine if they should be dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). The complaint may be dismissed as legally frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). A

prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. §§ 1915(e)(2), 1915(A)(b)(1).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. §§ 1915(e) or 1915(a) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1] In addition, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has brought the claims in the wrong proceeding and has not exhausted his state court remedies.

## II.     FARMER IS NOT A STATE ACTOR

To be successful under Section 1983, a plaintiff must establish that the defendant has acted under color of state law in violating his rights. Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Action taken under color of state law for purposes of Section 1983 requires a defendant's use of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" and when the defendant is engaged in the "performance of official duties." United States v. Causey, 185 F.3d 407, 415 (5th Cir. 1999). To state a claim under Section 1983, a plaintiff must show "(1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law."

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

Mississippi Women's Medical Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989) (emphasis added); Morris v. Dearborne, 181 F.3d 657, 666 n.6 (5th Cir. 1999). Plaintiff must show that defendant's actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988).

The private criminal defense attorney who is the only individual named by plaintiff as a defendant in this matter is not a state actor as a matter of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal District Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988). The defendant is a private citizen whom plaintiff alleges was his attorney. His actions upon which plaintiff bases his claims were clearly taken as a private attorney, not in any official capacity authorized by the State. Because the only defendant, Marion Farmer, is not a state actor, plaintiff's Section 1983 claim against this defendant has no basis in federal law and must be dismissed for failure to state a cognizable claim.

## III.  HABEAS CORPUS CLAIM

As noted above, Rogers' complaint in part challenges the very fact of his conviction. Although his suit is filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his confinement and may be seeking his release. This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Rogers filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor,

404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Rogers does not allege and there is no proof that he has exhausted his state court remedies in connection with his pending criminal charge. In addition, my staff has contacted the office of the Clerk of the Court of the Louisiana Supreme Court, and that office has advised that plaintiff has filed nothing in that court concerning this matter. Accordingly, plaintiff's claim seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies concerning his criminal conviction, before returning to this court with a properly filed habeas corpus petition.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous or for failure to state a claim on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in this Section 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to plaintiff's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days of entry of this order. (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___3rd___ day of March, 2008.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE